UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIO DAVIS,

       Plaintiff,                                    No. 18-12789

v.                                              District Judge Nancy G. Edmunds
                                                   Magistrate Judge R. Steven Whalen

TERRANCE WALLACE,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

On September 7, 2018, Plaintiff Mario Davis, a prison inmate in the custody of the Michigan Department of Corrections, filed a *pro se* civil complaint under 43 U.S.C. § 1983, based on events alleged to occur while he was detained at the Wayne County Jail. He alleges that Defendant Terrance Wallace was a Sheriff's Deputy employed at the jail.

Because Defendant Wallace had not been served, on January 14, 2019 I ordered Plaintiff to show cause why his case should not be dismissed for failure to serve the Defendant [Doc. #10]. The order was mailed to Plaintiff at the Cooper Street Correctional Facility, the last address that he provided. The order was returned to the Court as undeliverable, with the notation "Return to Sender–Paroled\Discharged" [Doc. #11].

Because Plaintiff appears to have abandoned his case, I recommend that the Court *sua sponte* dismiss the complaint under Fed.R.Civ.P. 41(b), for failure to prosecute.

## I. FACTS

On September 14, 2018, Plaintiff was granted leave to proceed *in forma pauperis* ("IFP"), and the Court ordered service on Defendant Wallace by the United States Marshal [Doc. #5]. On November 29, 2018, the waiver of service that was sent to Defendant Wallace was returned unexecuted, with a notation on the envelope that Wallace was "released."[1]

I stated as follows in my January 14, 2019 show cause order [Doc. #10]:

"Although an prisoner who is proceeding IFP is entitled to service by the United States Marshal, he or she is nonetheless responsible for providing a correct address for service. In *Irwin v. Doe*, 2016 WL 705215, at *7 (E.D. Mich. Feb. 23, 2016), the Court explained:

> 'Where a plaintiff is proceeding in forma pauperis, as is the case here, the district court must bear the responsibility for issuing the plaintiff's process to a United States Marshal's Office, who must effect service upon the defendants once the plaintiff has properly identified the defendants in the complaint. *Williams v. McLemore*, 10 Fed. Appx. 241, 243 (6th Cir. 2001); *Byrd v. Stone*, 94 F. 3d 217, 219 (6th Cir. 1996); Fed. R. Civ. P. 4(c)(2); 28 U.S.C. § 1915(d). It is the inmate's responsibility to provide the proper addresses of the defendants for service on these defendants. See *Lee v. Armontrout*, 991 F. 2d 487, 489 (8th Cir. 1993).'

"Fed.R.Civ.P. 4(m) provides that a complaint must be served within 90 days of the issuance of the summons. That period has now expired, and Defendant Wallace has not been served. Nor has Plaintiff provided an address for service.

"Therefore, within 30 days of the date of this Order, Plaintiff must show cause in writing why his complaint should not be dismissed without prejudice for failure to serve. If he provides a correct address for Defendant Wallace, the Court will extend the time for service."

The show cause order was mailed to Plaintiff at Cooper Street Correctional Facility, the last address he provided to the Court, but was returned as undeliverable, with

---

[1] This would suggest that Wallace was an inmate rather than a Deputy. The issue before the Court at this time, however, is service, not Wallace's status.

the notation that Plaintiff had been paroled or discharged [Doc. #11]. The Court has not heard from the Plaintiff since he filed his complaint on September 7, 2018.

## II.   STANDARD OF REVIEW

The Court may dismiss a complaint for failure to prosecute pursuant to Fed.R.Civ.P. 41(b) and Rule 41.2 of the Local Rules of the Eastern District of Michigan. *Mulbah v Detroit Board of Education,* 261 F.3d 586, 589 (6th Cir. 2001).

Fed.R.Civ.P. 41(b) provides:

> "**(b) Involuntary Dismissal: Effect Thereof.** For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."

Rule 41(b) also permits the Court to dismiss a case *sua sponte* under its inherent power: "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R. Co.* 370 U.S. 626, 629-630 (1962).

L.R. 41.2, which permits dismissal for failure to prosecute on the court's own motion, states:

> "[W]hen it appears that the court lacks subject matter jurisdiction or that the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing or remanding the case unless good cause is shown."

### III. DISCUSSION

In determining whether to dismiss a complaint for failure to prosecute, the Court generally looks to four factors for guidance: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Knoll v. American Telephone & Telegraph Co.*, 176 F.3d 359, 363 (6th Cir. 1999). Typically, none of the factors is outcome dispositive, and dismissal is entrusted to the discretion of the Court. *Id.*

As to the first factor, Plaintiff is clearly at fault for the delays in this case. Not only has he not provided a correct address for service on the Defendant, but he has not complied with this district's L.R. 11.2, which requires that attorneys and parties unrepresented by attorneys provide contact information, including address, and further provides:

> "If there is a change in the contact information, that person promptly must file and serve a notice with the new contact information. *The failure to file promptly current contact information may subject that person or party to appropriate sanctions which may include dismissal, default judgment, and costs*." (Emphasis added).

"[A] district court can dismiss an action for noncompliance with a local rule...if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999).

As to the second factor–prejudice to the other party–"defendants cannot be expected to defend an action" that a plaintiff has "apparently abandoned." *White v. Bouchard*, 2008 WL 2216281, *5 (E.D. Mich. 2008). Here, of course, the Defendant has not even been served, and Plaintiff has apparently abandoned his case. *See Palmer v. Wayne Cty. Sheriff's Dep't*, 2017 WL 4855859, at *2 (E.D. Mich. June 30, 2017), *report and recommendation adopted*, 2017 WL 4842367 (E.D. Mich. Oct. 26, 2017)(Court "concludes that plaintiff's failures to respond the order to provide an address and the order to show cause amount to abandonment for the purpose of this analysis." (Citing *Brown v. VHS of Mich., Inc.*, 545 Fed. Appx. 368, 372 (6th Cir. 2013)).

As to the third factor, the Plaintiff was on notice that his failure to update his contact information could lead to dismissal. As noted above, L.R. 11.2 warns him of the consequences of failure to inform the Court of his change of address. In addition, on September 13, 2018, the Court entered a Notice Regarding Parties' Responsibility to Notify Court of Address Change [Doc. #3], which clearly stated, "Remember, your failure to promptly notify the court of a change in address or other contact information may result in the **dismissal** of your case." (Bold face in original).

Finally, there is no point in imposing lesser sanctions, since again, the Plaintiff appears to have abandoned his case and is effectively incommunicado.

Accordingly, dismissal under Rule 41(b) is appropriate.

### IV. CONCLUSION

I recommend that, pursuant to Fed.R.Civ.P. 41(b), Plaintiff's complaint be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

Dated: February 6, 2019

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on February 6, 2019, electronically and/or by U.S. mail.

                                            s/Carolyn M. Ciesla
                                            Case Manager to the
                                            Honorable R. Steven Whalen